UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CANDACE D. ARLEDGE, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>HARLEY DAVIDSON FINANCIAL SERVICES, INC.,<br><br>    Defendant. | Case No. 1:21-cv-00974 |

## CLASS ACTION COMPLAINT

**NOW COMES** Plaintiff, CANDACE D. ARLEDGE, individually, and on behalf of all others similarly situated, by and through her undersigned counsel, complaining of Defendant, HARLEY DAVIDSON FINANCIAL SERVICES, INC., as follows:

## NATURE OF ACTION

1. This action seeks redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.*, 896 F.3d 728, 738-39 (6th Cir. 2018) citing Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

7. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

8. CANDACE D. ARLEDGE ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this federal jurisdiction.

9. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

10. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

11. HARLEY DAVIDSON FINANCIAL SERVICES, INC. ("Defendant") is a financer of motorcycles for Harley Davidson and maintains its principal place of business at 222 West Adams Street, #2000, Chicago, Illinois 60606.

12. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

13. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) as it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

14. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 8466.

15. At all times relevant, Plaintiff's number ending in 8466 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

16. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

17. Prior to the events giving rise to this action, Plaintiff's boyfriend, Leslie Flores ("Flores"), financed a motorcycle from Defendant.

18. In purchasing the motorcycle, Flores entered into a Retail Installment Contract ("subject debt") from Defendant; however, Plaintiff was not a co-borrower on the loan.

19. In May 2021, Plaintiff started to receive collection calls to her cellular telephone from Defendant seeking to collect on a past due payment from Flores.

20. Plaintiff would answer the telephone calls and advise Defendant that Flores was only a few days late and would be making a payment soon and to therefore stop calling her.

21. Nevertheless, Defendant continued to contact Plaintiff seeking payment on the subject debt.

22. Flores was able to make the May 2021 payment and became current on the subject debt.

23. However, in June 2021, Flores fell behind on the payment by a few days and Defendant renewed its collection efforts by calling Plaintiff.

24. Plaintiff repeatedly would advise Defendant that Flores would be making a payment and to cease contacting her.

25. Each time Flores was a few days late on payment of the subject debt, the collection efforts to Plaintiff would begin, despite Plaintiff's repeated requests to stop calling her.

26. In addition to the collection calls, Plaintiff has been receiving pre-recorded messages from Defendant as well from some of the telephone calls in which Plaintiff did not answer.

27. Specifically, the voicemails would state:

> "This is Harley Davidson Financial Services. Please return this call at your earliest opportunity at 1-866-798-9775. We are available Monday through Thursday from 7am to 9pm, Friday 7am to 7pm, Saturday 7am to 4pm, and

> Sunday noon to 9pm central time. Again, this is Harley Davidson Financial Services and our number is 1-866-798-9775. Thank you."

28. Despite Plaintiff's requests that the collection calls cease, Defendant continued placing harassing collection calls to Plaintiff's cellular phone and leaving Plaintiff pre-recorded voice messages.

29. Plaintiff's request fell on deaf ears and Defendant continued placing harassing collections calls to Plaintiff (including pre-recorded messages), including, but not limited to, calls from the phone numbers: (833) 920-2056 and (844) 664-7385.

30. In total, Defendant placed no less than 30 harassing phone calls, including pre-recorded messages to Plaintiff after Plaintiff initially requested that Defendant cease contact with her.

## DAMAGES

31. Defendant's harassing phone calls and pre-recorded messages have severely disrupted Plaintiff's everyday life and overall well-being.

32. Defendant's harassing calls and pre-recorded messages have caused Plaintiff damages, including, aggravation that accompanies frequent unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls and text messages, wear and tear to Plaintiff's cellular phone, temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

33. Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

## CLASS ALLEGATIONS

34. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

35. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All persons throughout the state of Texas (1) to whom Defendant placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without his/her consent; (5) who do not have a business relationship with Defendant; and (6) within the four years preceding the date of this complaint through the date of class certification.

36. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors, or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.    Numerosity**

37. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

38. The exact number of the members of the Putative Class is unknown to Plaintiff at this time and can only be determined through targeted discovery.

39. The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

40. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

**B.  Commonality and Predominance**

41. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

42. Those questions predominate over any questions that may affect individual members of the Putative Class.

**C.  Typicality**

43. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

**D.  Superiority and Manageability**

44. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

45. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

46. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

47. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

E.     **Adequate Representation**

48.    Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

49.    Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

50.    Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**
**(On behalf of Plaintiff and the Members of the Putative Class)**

51.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

52.    The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

53.    Upon information and belief, the system used by Defendant to place calls to Plaintiff has the capacity to use a random or sequential number generator to determine the order in which to pick phone numbers from a preloaded list of numbers of consumers that are allegedly in default on their payments.

54.    Accordingly, the system employed by Defendant has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

55. As pled above, Defendant used an artificial or prerecorded voice, which automatically played upon Plaintiff answering the call or upon the call reaching Plaintiff's voicemail.

56. Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii) by placing no less than 30 non-emergency calls, including pre-recorded messages, including but not limited to the aforementioned collection calls and pre-recorded messages, to Plaintiff's cellular telephone, utilizing an ATDS without Plaintiff's consent.

57. As pled above, Plaintiff revoked consent to be called on her cellular phone.

58. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

59. Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular phones.

60. Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

61. Upon information and belief, Defendant knew its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

62. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

63. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff, CANDACE D. ARLEDGE, on behalf of herself and the members of the Putative Class, requests the following relief:

A. An order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B. a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

C. an award of statutory damages of at least $500.00 for each and every violation to Plaintiff and the members of the Putative Class for each such violation;

D. an award of treble damages of up to $1,500.00 for each and every violation to Plaintiff and the members of the Putative Class for each such violation; and

E. an award of such other relief as this Court deems just and proper.

## COUNT II:
## Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq.*)
## (Plaintiff individually)

64. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of Tex. Fin. Code Ann § 392.302

65. Subsection 392.302(4) of the Texas Finance Code provides:

[i]n debt collection, a debt collector may not oppress, harass, or abuse a person by:

    (4) causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

Tex. Fin. Code Ann. § 392.302(4).

66. Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls and to Plaintiff after Plaintiff requested that Defendant cease all contact with Plaintiff.

67. Defendant's continuous phone calls and were made with intent to harass Plaintiff and coerce payment for a debt in which Plaintiff did not owe.

68. Plaintiff may enforce the provisions of Tex. Fin. Code Ann. § 392.302(4) to Tex. Fin. Code Ann. § 392.403, which provides:

(a) A person may sue for:

(1) injunctive relief to prevent or restrain a violation of this chapter; and

(2) actual damages sustained as a result of a violation of this chapter.

(b) A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonable related to the amount of work performed and costs.

**WHEREFORE,** Plaintiff CANDACE D. ARLEDGE requests the following relief:

F. a finding that Defendant violated Tex. Fin. Code Ann. § 392.302(4);

G. an award of injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

H. an award of actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

I. an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

J. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: October 27, 2021                                     Respectfully submitted,

**CANDACE D. ARLEDGE**

By: */s/ Marwan R. Daher*

Mohammed O. Badwan, Esq.
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mbadwan@sulaimanlaw.com
mdaher@sulaimanlaw.com