IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CANDACE D. ARLEDGE, individually, and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 1:21-cv-00974 |
| HARLEY-DAVIDSON FINANCIAL SERVICES, INC., | § § § § | |
| Defendant. | § | |

### DEFENDANT HARLEY-DAVIDSON FINANCIAL SERVICES, INC.'S PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Harley-Davidson Financial Services, Inc. ("HDFS") moves to partially dismiss Plaintiff Candace Arledge's (Plaintiff") Complaint for failure to state a claim. Specifically, HDFS moves to dismiss Plaintiff's claim under the Texas Debt Collection Act ("TDCA").

### I.  SUMMARY

Plaintiff brings this action against HDFS for violation of the Telephone Consumer Protection Act ("TCPA")[1] and TDCA based on allegedly harassing phone calls made to her cell phone by HDFS. Plaintiff contends that HDFS violated the TDCA by calling her cell phone after she allegedly revoked her consent to be contacted. However, Plaintiff's TDCA claim fails as a matter of law because she does not allege any of the necessary extenuating circumstances, such as calls made at odd hours or threats of violence. Absent evidence of an intent to harass, phone calls alone are insufficient to give rise to violation of the TDCA.

---

[1] HDFS filed a partial answer to Plaintiff's claim for violation of the TCPA.

Accordingly, the Court should dismiss Plaintiff's TDCA claim with prejudice pursuant to Rule 12(b)(6).

## FACTUAL BACKGROUND

Plaintiff alleges her boyfriend, Leslie Flores, financed a motorcycle through HDFS, and that she began receiving collection calls from HDFS in May 2021. ECF No. 1 ¶¶ 17, 19. Plaintiff contends that she asked HDFS to stop calling her at some unspecified point in time, but that the calls continued. *Id*. ¶¶ 24-25. Plaintiff alleges HDFS contacted her with pre-recorded voice messages after she requested the calls to stop. *Id*. ¶¶ 26-28. Based on these allegations, Plaintiff asserts causes of action for violation of the TCPA, on behalf of herself and other similarly situated Texas residents, and violation of the TDCA, on behalf of herself individually.

## II.     ARGUMENT AND AUTHORITIES

### A.     Legal Standard

Rule 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), a complaint must assert facts sufficient "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Id.* "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quotation omitted).

**B.      Plaintiff's Claim For Violation Of The Texas Debt Collection Act Is Insufficiently Pled.**

Plaintiff's cause of action for violation of the TDCA alleges that HDFS violated Tex. Fin. Code § 392.302(4) by placed calls to her after she requested calls to cease, with the intent to harass her. ECF No. 1 ¶¶ 66-67. However, Plaintiff's TDCA claim fails as a matter of law because she does not allege any extenuating circumstances, to support an intent to harass, in addition to the calls.

Under the TDCA, "a debt collector may not oppress, harass, or abuse a person by ... causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number." Tex. Fin. Code § 392.302(4). To find that a debt collector has acted "with the intent to harass," call volume alone is insufficient. *See Robinson v. Wells Fargo Bank, N.A.*, 576 F. App'x 358, 362 (5th Cir. 2014). The Fifth Circuit has required "both a great volume of phone calls and extenuating circumstances, such as making those calls at odd hours or threatening personal violence." *Id.*

Here, Plaintiff's TDCA claim fails because she does not allege any extenuating circumstances to support an intent to harass by HDFS. Plaintiff's Complaint is devoid of any factual allegation that HDFS called her at odd hours or that a representative of HDFS threatened personal violence against her. Absent these extenuating circumstances, Plaintiff's TDCA claim is insufficiently pled as she cannot prove an intent to harass and must be dismissed. *See Salas v. Ford Motor Credit Co., LLC*, No. 1:18-cv-00748-RP, 2019 WL 4453712, at *2 (W.D. Tex. Sept. 17, 2019) (Court found that a nearly identical claim did not sufficiently plead a violation of the TDCA, and therefore amendment of the complaint would be futile.).

Accordingly, the Court should dismiss Plaintiff's TDCA claim with prejudice.

## IV.     CONCLUSION

WHEREFORE, Defendant Harley-Davidson Financial Services, Inc. requests the Court dismiss Plaintiff Candace Arledge's cause of action for violation of the Texas Debt Collection Act with prejudice, and for other relief the Court deems just.

Dated:  January 31, 2022                                   Respectfully submitted,

/s/ *Justin Opitz*
**Justin Opitz**, SBN: 24051140
jopitz@mcguirewoods.com
**MCGUIREWOODS LLP**
2000 McKinney Avenue, Suite 1400
Dallas, Texas 75201
Telephone: 214.932.6400
Facsimile:  214.932.6499

**ATTORNEYS FOR DEFENDANT.**
**HARLEY-DAVIDSON FINANCIAL**
**SERVICES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2022, a true and correct copy of the foregoing was served via the Court's ECF filing system on all counsel of record.

/s/ *Justin Opitz*
Justin Opitz